Our fifth case for today is Fendon v. Bank of America. Mr. Sherman. Good morning, almost good afternoon, your honors. Ed Sherman on behalf of the appellant James Fendon. The issue in this case is simply does what did the trial court, district court, err in finding that the one-year statute of limitation under the Truth in Lighting Act, under section 1640, does that apply to a rescission claim under section 1635? It is my point... Counsel, let me ask you what relief you think is possible in this case. You can't upset the foreclosure judgment, so what relief remains available? Well, your honor, the relief that would remain available essentially would have to be if the foreclosure judgment cannot be upset, then you have the ability of basically needing some kind of judgment where the bank would have to be liable to pay for the value of the house. And what relief would that be for your client? Well, your honor, if we went down that road, and I don't want to box myself in, obviously that would be a damages claim, your honor. I understand... It would be a damages claim. And of course, section 1640 covers damages claims. So this seems to me a perfectly straightforward case unless there is some conceivable relief that is not damages. And then it's a complex case. That's why I asked this question. Yeah, and I guess it would have to be a complex case, your honor. Obviously, I would not be able to be standing here. No, a lot of people stand here in cases that are perfectly simple. So is there any way that there is any relief other than damages possible for your client? I think that the relief would have to be in the form of the unwinding of the transaction, which would basically... And what does that mean, concretely?  It would be unwinding the transaction, meaning that all the sale and everything regarding the property is unwound. Well, let's think about rescission. So he got, what, about $203,000 when he refinanced his property, which he would have to tender back to the bank. And in the meantime, over the years since 2007, he's paid something, I presume. At some point, I guess, that goes awry, but something. So the bank would have to give back to him what he'd paid. I don't see how title to the property can be affected at all because the state courts have taken care of that. They've gone through a whole process. So it's not at all clear to me that he would come out ahead of the game if he had to tender back the $203,000. Rescission is fundamentally an equitable remedy, even though it deals, in this instance, with money. Well, Your Honor, under TILA, he would come out not ahead, but he would have the issue of, if TILA, essentially the claim was unwound, the transaction, the interest, under TILA, he would not have that. That's essentially he could come out ahead because if he paid the amount, he'd essentially have to tender back the next step. If we get to that, he'd have to tender back the amount that he borrowed, but then he'd also have the wash of that amount plus all the interest of the loan over the years that the loan was sitting out there. That sounds like damages. The main point I want to make here is with respect to on Section 1635, and the main point I want this Court to address is the issue of what statute of limitations, if any, would apply under 1635. And I did reference Patalo, which I know is not controlling on this, or controlling this Court could be persuasive. And the issue under Patalo essentially is what happens with respect to a rescission is that you've got the only requirement set forth is the 3-year notice to rescind. Then after that, that's pretty much it. So is your theory that if a notice of rescission is sent in and the lender disagrees with it or takes no action about it, that the borrower can just sit back for years and do nothing? Well, I understand that with respect to statute of limitations, the purpose of a statute of limitations is to prevent staleness of claims and a lot of finality. And if someone was making a direct claim for damages under 1640 for an amount, and I understand we've discussed this issue already, I would understand because only the plaintiff who's seeking that can make that claim. Under TILA, we have here a situation where, as they set forth in Patalo, either the lender or the borrower could file a lawsuit. So can the borrower sit on his hands for years under the premise I'm making? I guess that's possible, but that doesn't mean that the claim has to go stale. The lender, if they believe that the rescission was wrong and ineffective, they have just as right to come to court as my client did. But what a terrible system. I mean, he notifies the bank the first time on August 15, 2008, that he thinks there's a problem with the underlying transaction. As I understand the system, the bank then has a finite amount of time to do something, 20 days, right, or some short amount of time. Once that time has elapsed, I see no reason why whatever the statute of limitations may be starts running, and the only statute of limitations, statutes plural of limitations here, that would make any sense to me would be either, A, borrowing the five-year Illinois statute, because this obligation does not arise by matter of contract. It arises in the truth in lending regulatory system. Or, B, sometimes the federal statute contains a statute of limitations that's not quite relevant. The federal court will borrow from a different part of the statute, which has happened. And I can think of, you know, in the labor law area that's happened, and I think in the antitrust area it's happened. But none of them gets you the 10 years measured after the time that you finally stop engaging with what's finally Bank of America. I just don't see how this case can be anything but late. Well, respectfully, Your Honor, with respect to the five-year aspect, and I set forth my reply as a fact that as of, was it, I believe, May of 2011, and it's in the record, is the time when Bank of America, after receiving the notice, finally essentially closed the case. Well, but that's, I don't know why you think that's important, because that sounds to me like an argument that as long as negotiations are going on between the parties, the statute of limitations doesn't begin to run. But that's certainly not the rule. I mean, if you think of a regular, you know, medical malpractice case, you know, the doctor chopped off the wrong leg or something, and so you're having discussions with the doctor. It doesn't mean that you have two years in Illinois from the time you finish discussing with the doctor. You have two years from when you discover you're injured. But respectfully, the doctor can't put the, if the doctor chopped off the leg, they can't put it back on. Here Bank of America had the opportunity still even through May of 2011. It doesn't matter, though. It's still the point of that negotiation. When do you think the bank violated Section 1635? I think that they violated Section 1635 when they didn't respond within the 20 days of the TILA notice. In 2008? Yes. I'm just making an argument of possible some equitable tolling or something of that nature with respect to that. But I also believe that if you are going to apply a statute of limitations, we would apply the 10-year statute of limitations for actions under written contract. I know counsel cited, or Bank of America cited. Have you given any thought to 28 U.S.C. 1658A? It says there's a fallback federal statute of limitations of four years. Now, of course, your client didn't do anything in four years. Correct. So if 1658A applies, 1658A applies to all statutes that were enacted or amended after 1990. And I looked up in the U.S. Code, and it says Section 1635 in the Truth in Lending Act was amended in both 1995 and 2010. Now, it doesn't say how serious those amendments were, but this statute has been amended since 1990, raising the possibility that under Jones against R.R. Donnelly, that's the statute of limitations for anything that's not covered by 1640. So how about that possibility? Well, I guess my response to that, Your Honor, would be that with respect to the case law and the federal preference for borrowing state statutes of limitations would then not be permitted. I'm not talking about borrowing. I am asking a question about 1658. So to be clear, a default statute of limitations that Congress provided after all these many years, which doesn't always apply because of the language Judge Easterbrook read. It has to be enacted or amended in 1990 or later. But Congress, you know, every now and then they carve out a little bit of time for procedural matters, and they did in this instance. Well, I see that my time has expired. You should answer Judge Easterbrook's question. Well, I can't answer a question that I know the answer to. So I think that's the fairest way to apply to it. I'd have to look at 1658, frankly, and see if there's some caveat or reason that would not apply to this case. Fair enough. Okay. All right. Thank you. Ms. Pappas. Good afternoon, Your Honor, and may it please the Court. Elizabeth Pappas for Bank of America at Belize. I think if this issue or this case is one for damages, it is clearly time barred under Section 1640E. I can unpack that if the Court would like. If not, I think if the claim is for unwinding the transaction, which goes beyond the damages, I think there are two reasons. The transaction cannot be unwound because the security interest has already been foreclosed. So my question for you is the same as my question for Mr. Sherman, which is regardless of what label you put on it, are we talking about anything other than money as damages? And if so, what are we talking about? So respectfully, Your Honor, we would say they can't be talking about anything other than money because that's the only remedy available. If they are purporting to unwind the mortgage or unwind the foreclosure or the sale, that is a direct collateral attack on a final state court judgment, and then I think we would have a Rooker problem. That's the starting place. You cannot upset the state judgment. Correct. So given the state judgment, my question for you is the same as it was for Mr. Sherman. What would the federal remedy be? I'm not interested in labels, but what the remedy would be. The only remedy available, I think, for which there is federal subject matter jurisdiction at this point would be a damages claim. There's no question of subject matter jurisdiction. The statute of limitations does not affect jurisdiction. No, no, of course not, Your Honor. I'm saying if the only remedy for which a cause of action exists under federal law, the only federal question that they could seek at this point in time because they have a final foreclosure judgment and a sale, would be one for money damages. So that requires, you know, like as with all mortgages, you know, there are a package of agreements, right? There's the agreement to lend the money. There's a note that, you know, somebody I promised to pay, you know, whatever amount of money it is at a certain interest rate, and then there is another agreement, which is essentially the lien, the mortgage, and that one is off the table because the state courts have done that. It's at best now just an unsecured agreement to pay something. I'm not sure how much this sold for, but maybe there was still money due. There was actually a deficiency judgment. There was a deficiency judgment, yes. Your Honor, I have $101,000 correct. Okay, so $101,000 deficiency judgment. So there's still something floating around out there, which looks a lot like money. No, but that's, you know, so let's just start from the standpoint of when the borrower filed the complaint. What he sought was a declaratory judgment. This is in the district court record. He sought a declaratory judgment that the bank engaged in, quote, willful TILA violations that resulted in a wrongful foreclosure action. That's what his complaint states. And this is filed, like, three hours before the foreclosure judgment is entered? Yes, let's accept his allegation is true, Your Honor, that he filed this a few hours before the order of sale. Now, this is a very important point, I think. If you take his complaint on his face, he's not asking for money. He's not asking, you know, for the delta, for example, like the deficiency judgment. He's saying, I want a declaratory judgment from a U.S. district court that the bank engaged in willful TILA violations that caused a wrongful foreclosure action. He reiterated this in docket number 19 in his motion for reconsideration. He said, I raised rescission in the state court action, but the state court refused to dismiss the foreclosure case. What he sought from the district court in this action is not money. If he did that, I think he would clearly be time barred. What he's, in fact, purporting to seek is a district court review or attack on the foreclosure judgment, which we don't believe there's a cause of action, and if there were, there'd be a subject matter jurisdiction problem. Of course he can't do that. But, you know, the fiction that property is all unique is nothing that. It's just a fiction. So if that property isn't on the table, I suppose he could argue consequential damages from losing that property and needing to do something else. I mean, I'm just guessing, but it doesn't make it not damages, but it does mean that something that leaves the foreclosure in place is imaginable. Understood, Your Honor. And, you know, that's not what he pled, you know, and I think respectfully if he were to, if you could construe his current. There's no statutory damage provision. He's not going to get like $500 for the TILA violation. I don't believe there's like a, you know, a statutory damages or like a regular penalty. I mean, the way TILA works, obviously, if you take a step back, is 1635A says this is obviously the province of state law generally that there are these mortgages and foreclosure actions, but to make things simple and to protect borrowers and try to make sure that they know what they're signing. They have this right to some disclosures. If they don't get them, they can seek to rescind. And then as Your Honor pointed out, what Section 1635B said is really where the cause of action accrues for limitations purposes, right? It says, look, once the borrower tenders his notice of intent to rescind, and let's just take his last one. Let's say that was in 2010, right? What 1635B says is the bank has 20 days to take certain steps. It says 1635B says the bank shall take certain steps to unwind. Now, if the bank does not do so, that's the moment at which the borrower has a cause of action, right, that becomes ripe. To Your Honor's point, that's when the clock starts running. Now the question is running on what? If he comes and brings, you know, whether you construe this case or say he could try to plead an action for money damages because we have a state foreclosure that's done on the property, the cause of action accrues 20 days after the notice. Let's say that's 2010, June of 2010 is his notice. We ran the math. It's like July of 2010 would be the cause of action accrues. If you do a damages action, 1640E says it's one year from then, completely time barred, right? And if I may spend a moment, I understand the court's question about whether the fallback applies and that's not a borrowing issue. What I don't know. That's not a borrowing issue. No, I said exactly, it's not a borrowing issue. I heard the court on that. What I don't know about whether the fallback statute would apply in the first instance is whether you would only go to the fallback if you conclude that the TILA itself doesn't supply a limitation. That's what 1658A says. Right. When there's no other federal statute of limitations, use four years. Understood, and my question, and this is what we would ask the court to consider, is we actually think TILA can be read to supply a one-year limitations period for the action he purported to bring here, which is one for an equitable rescission. Clearly, it supplies one for damages under 1640E, right? What I think I would point the court to on the question of does TILA itself supply the cause of action and is it one year, is you look to the, I think it's the Malley case, the Supreme Court's Malley case. They said you look to, obviously, federal law. You have to look at the statute and issue. Statute only has meaning in context. That was actually, to Chief Judge Wood's point, one of the cases in which it did look to federal over state law. It was a RICO case. They took it from the Clayton Act. I think this case is more TILA itself supplies for the following reason. Malley says you look to federal law if that's the right place to look to further the purposes of the statute as a whole, and what we have here on the cause of action point is we have a statutory scheme that says a borrower has a certain right to get certain disclosures, okay, and he has a right to notify of his intent to rescind if he doesn't get them, which he's alleged he did, and then if the bank doesn't do certain things that the statute prescribes within 20 days in 1635B, he has a cause of action, and what's, I think, so important is a cause of action for what? It's for wrongful refusal to do that which Section 1635B requires the bank to do, right? That's what the clock starts running on, and what would be so strange is I think everyone agrees, including the borrower, that an action for damages for wrongful refusal to comply with 1635B has a one-year limitations period, no question. It would be very odd, but it seems to be their position, that the underlying question whether the rescission is valid and whether the bank was justified in not complying with Section 1635B has some other limitation that could be anything. It could be a patchwork under the laws of different states. In Illinois alone, there's going to be a dispute and litigation over which statute applies. That is not what Congress had in mind. This was in the Solicitor General's briefs, for example, in the Jezinoski case. The whole point of TILA was to have certainty, predictability, clarity for borrowers, so it would be very odd, and I almost wonder if it would be a claim split if you say that he would hit the time for an action for damages for wrongful refusal to comply with 1635B runs in a year, yet he hasn't had to bring an action for the underlying piece of the rescission. That doesn't make sense, especially where there's been an ongoing foreclosure action where he actually says he raised this. So I think it all comes together if the Court just takes a simple view that whether you move on rescission or you seek damages, the TILA itself, to be coherent and consistent with Malley and other precedents, supplies a one-year limitations period, and this action is time barred no matter how you cut it, and if he's purporting to say it's something other than damages, you may have a jurisdictional problem on top of it. Thank you, Your Honor. All right. Thank you. Mr. Sherman. Does he have any more time? I'll give you, if you have one brief thing to say, I'll let you say it. Thank you. I just have one point here. As Judge Easterbrook was saying, it seems like we have just a damages claim or damages remedy, and my question is this, basically. We're dealing then with the situation under 1635 where we have the possibility of rescission without a remedy because there are times in foreclosure where the house essentially, if you get right into a loan, I know it's in this situation, you get right into a loan, you go right into foreclosure, the foreclosure process happens, you don't get the TILA, the things. Does the case resolve itself in a way, even though you have the notice, there's a way that you can have a time overlap here where essentially you can be left with rescission without the remedy. The statute allows you to raise TILA issues in foreclosure though, correct? I'm sorry? Yeah, you can raise it as a counterclaim to a foreclosure, but I'm just saying that in some way it's conceivable that you could have a rescission claim and then theoretically bring that up timely but not bring it as a counterclaim in the foreclosure, but then have foreclosure happen and lose the property, then you could theoretically have a rescission without the ability to get the property back. Okay. Thank you. So, thank you very much. Thanks to both counsel. We'll take the case under advisement.